IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARRANZA, )<br>)<br>    Petitioner, )<br>)<br>  vs. )<br>)<br>)<br>G. D. LEWIS, Warden, )<br>)<br>    Respondent. )<br>_____ ) | No. C 12-01169 EJD (PR)<br><br>ORDER OF DISMISSAL;<br>GRANTING MOTION FOR LEAVE<br>TO PROCEED *IN FORMA*<br>*PAUPERIS*; DENYING OTHER<br>MOTIONS<br><br><br><br>(Docket Nos. 2, 3, 4 & 6) |

    Petitioner, a California inmate currently incarcerated at Pelican Bay State Prison in Crescent City, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, the instant petition will be dismissed.

**BACKGROUND**

    Petitioner states that he is not challenging his criminal conviction.  (Pet. at 2.) Rather, he is challenging the fact that prison officials validated him as a prison gang associate in 2009, and thereby placed him in the security housing unit ("SHU").

    Petitioner filed habeas petitions in the state courts, with the California Supreme Court denying review on January 25, 2012.  (Id. at 5.)  Petitioner filed the instant federal habeas petition on March 8, 2012.

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.12\01169Carranza_dism(hc-cr).wpd

**DISCUSSION**

Petitioner challenges his validation as a gang prison associate and placement in the SHU. Petitioner claims that the validation was based on insufficient evidence in violation of his right to due process, and that the placement in the SHU constitutes cruel and unusual punishment under the Eighth Amendment.

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Here, Petitioner's claim that he is being unconstitutionally confined in the SHU based on an invalid gang validation, if successful, would not necessarily shorten his sentence. Accordingly, the petition goes entirely to the conditions of his confinement, and success in this action would not necessarily affect the duration of his confinement.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.12\01169Carranza_dism(hc-cr).wpd         2

the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to proceed with actions challenging conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

**CONCLUSION**

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).

Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 6), is GRANTED. Petitioner's motions for appointment of counsel, (Docket No. 2), for an evidentiary hearing, (Docket No. 3), and for discovery, (Docket No. 4), are DENIED as moot by this dismissal.

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order.

This order terminates Docket Nos. 2, 3, 4 and 6.

DATED: 7/6/2012

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.12\01169Carranza_dism(hc-cr).wpd      3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARRANZA,

        Petitioner,

  v.

G. D. LEWIS, Warden,

        Respondent.

Case Number: CV12-01169 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/6/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Carranza T62521
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 9532-7500

Dated: 7/6/2012

    Richard W. Wieking, Clerk
/s By: Elizabeth Garcia, Deputy Clerk