IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARRANZA,                ) | C 12-01169 EJD (PR) |
|                                         ) | |
|             Petitioner,             ) | ORDER DENYING MOTION FOR |
|                                         ) | CERTIFICATE OF APPEALABILITY; |
|   vs.                                   ) | DENYING MOTION FOR |
|                                         ) | RECONSIDERATION |
|                                         ) | |
| G. D. LEWIS, Warden,       ) | |
|                                         ) | |
|             Respondent.          ) | |
| _____) | (Docket Nos. 12 & 13) |

    Petitioner, a California inmate, filed a petition in <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his validation as a gang associate. On July 6, 2012, the Court dismissed the petition to Petitioner filing a civil rights action under 42 U.S.C. § 1983 because his claims attacked the conditions of confinement, and habeas jurisdiction was absent because success on the merits would not necessarily shorten his sentence. (<u>See</u> Docket No. 8.)

    Petitioner filed a motion for a certificate of appealability. (Docket No. 12.) Petitioner has failed to demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Accordingly, Petitioner's motion

Order Denying COA: Denying Motion for Recon.
G:\PRO-SE\SJ.EJD\HC.12\01169Carranza_deny-recon.wpd

1

for a certificate of appealability is DENIED.

Petitioner filed a motion for reconsideration. (Docket No. 13.) Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Petitioner's motion for reconsideration is not based on newly evidence or an intervening change in the law. Petitioner contends that the Court erred in finding that success on the merits would not necessarily shorten his sentence, contending that his gang validation makes him ineligible for parole and unable to earn work credits that would reduce his sentence. (Mot. at 4.) A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. See id. at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). The question of the effect of his gang validation on the duration of his sentence is debatable, and therefore it cannot be said that this Court committed clear error warranting reconsideration.

Alternatively, Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence

Order Denying COA: Denying Motion for Recon.
G:\PRO-SE\SJ.EJD\HC.12\01169Carranza_deny-recon.wpd

2

could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. Id.

Petitioner does not specify the provision of Rule 60(b) under which reconsideration is warranted; he alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment. Petitioner does not provide any extraordinary reason justifying relief. Accordingly, the motion for reconsideration is DENIED.

Petitioner is advised that he may seek a certificate of appealability with the United States Court of Appeals for the Ninth Circuit to appeal this matter. See United States of Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

This order terminates Docket Nos. 12 and 13.

DATED: _____8/20/2012_____        _____
                                      EDWARD J. DAVILA
                                      United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARRANZA,

          Petitioner,

  v.

G. D. LEWIS, Warden,

          Respondent.
                                       /

Case Number: CV12-01169 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   8/21/2012  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Carranza T62521
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 9532-7500

Dated:   8/21/2012

                                                Richard W. Wieking, Clerk
                                                /s/By: Elizabeth Garcia, Deputy Clerk